## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT REICH,**

              **Petitioner,**            **CIVIL ACTION NO. 05-CV-70578-DT**

    **vs.**

                              **DISTRICT JUDGE PAUL D. BORMAN**

**J. TROMBLEY,**             **MAGISTRATE JUDGE MONA K. MAJZOUB**

              **Respondent.**

_____/

### REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Petitioner's Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE because all claims are not exhausted.

\*\*\*

       A jury convicted Petitioner of false personation, representation as a public utility employee, and second-degree criminal sexual conduct. The court sentenced him to 17-24 months in prison for the false personation conviction and to 10-15 years of prison for the sexual assault. Petitioner appealed as of right to the Michigan Court of Appeals raising the following claims: (1) the trial court exceeded the guidelines for reasons that were not substantial and compelling and that were already taken into account in calculating the guidelines; (2) the trial court erred by refusing to instruct the jury on the offenses of attempted false representation and assault and battery; and (3) the trial court erred by simply striking challenged information in his presentence report rather than having a new report made without the information. The court of appeals affirmed his convictions and sentence. *People v. Reich*, No. 234115 (Mich. Ct. App. Nov. 15, 2002) (unpublished). Petitioner sought leave to appeal to the Michigan Supreme Court raising the same issues presented to the court of appeals in addition to the new issues

-1-

of bias by the trial judge and ineffective assistance of counsel. The Supreme Court vacated the decision of the court of appeals and remanded for reconsideration in light of *People v. Babcock*, 469 Mich. 247 (2003). *People v. Reich*, No. 122898 (Mich. Oct. 3, 2003).

On remand, the court of appeals again affirmed Petitioner's convictions and sentences. *People v. Reich*, No. 234115 (Mich. Ct. App. Dec. 2, 2003). The Supreme Court denied leave to appeal. *People v. Reich*, No. 125198 (Mich. July 1, 2004).

Petitioner then filed this habeas corpus petition. His grounds for relief are: (1) the judge exceeded the guidelines on reasons that were not compelling and that had been taken into account by the guidelines; (2) the trial court erred by not instructing the jury on criminal sexual conduct in the fourth degree; and (3) the court erred by not removing the challenged information in his presentence report. Respondent has filed an Answer contending that any federal constitutional claims that Petitioner wishes to raise in this Court have not been exhausted in the state courts. Petitioner has not filed a reply brief.

State prisoners are required to exhaust their state remedies on claims raised in their habeas corpus petitions in this Court. 28 U.S.C. § 2254(b)(1)(a) & (c). Claims are exhausted if they have been fairly presented to both of this state's appellate courts. Petitioners must cite a provision of the Constitution, federal decisions using constitutional analysis, or state decisions using constitutional analysis in similar fact patterns, to fairly present their claims to the state courts. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111-12 (1995). Petitioner bears the burden of showing that his state remedies have been exhausted. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Respondent contends that Petitioner has failed to exhaust his claims. A review of the record confirms that Petitioner failed to fairly present any federal constitutional claims to both of the state's

appellate courts.  As Respondent points out, it is difficult to discern from the petition that Petitioner

is raising any cognizable constitutional issues in this Court.  However, by filing this federal petition

Petitioner apparently seeks to raise federal constitutional issues.  Accordingly, the Court finds that the

best course of action is to allow Petitioner to present any federal constitutional issues he wishes to raise

in this Court to the state courts first, paying particular attention to the method by which those claims

must be raised as set out above.

The Court must consider whether Petitioner has available to him an avenue to exhaust his claims

in the state courts.  *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  Petitioner may exhaust his claims in

the Michigan courts by filing a motion for relief from judgment under M.C.R. 6.500 *et seq.*, which allows

the trial court to consider the claims.  Petitioner may also appeal a denial of relief to the state appellate

courts.

Accordingly, this Court recommends that Petitioner's application for the Writ of Habeas Corpus

be DISMISSED WITHOUT PREJUDICE.  It is further recommended that the one-year statute of

limitation found in 28 U.S.C. § 2244(d)(1) be tolled from the date Petitioner filed the pending petition

until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues

exhaustion of state court remedies within sixty days of the date of the final order in this proceeding and

seeks leave to reopen these habeas corpus proceedings within sixty days of exhausting state court

remedies.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §

636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   September 07, 2006                         s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Robert Reich and Counsel of Record on this date.

Dated: September 07, 2006                           s/ Lisa C. Bartlett
                                                    Courtroom Deputy